983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy D. POOLE, Defendant-Appellant.
 No. 91-3880.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 14, 1993.
Decided Jan. 19, 1993.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 The judgment was affirmed from the bench at the close of oral argument. This order briefly expresses the court's reasons.
 
 
 2
 Jimmy Poole was convicted of possessing a firearm after previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g). His contention that the jury should have been instructed on entrapment reflects a misapprehension about the crime of which he was convicted. He contends, with some support in the record, that he was initially reluctant to sell the weapon, agreeing to do so only after persuasion. But there is no evidence that Poole acquired the weapon as a result of persuasion. His first meeting with Kenneth Morrow was recorded; during the recording Poole reveals that he owned, and at least constructively possessed, a shotgun that he later sold. The crime was possessing the weapon, and Poole committed that crime unbidden by the government. An entrapment instruction was unnecessary.
 
 
 3
 Poole's remaining contentions also rest on misapprehensions or misunderstandings. He contends, for example, that a juror saw him in shackles. Yet the verdict, signed by all jurors, reveals that the member of the venire who saw him in this condition did not serve on the jury. His trial lawyer did not ask for an instruction on the subject, and it is easy to understand that prudent counsel would not want to call to the attention of the sitting jurors an incident of which they were unaware, only to tell them to disregard it. (The member of the venire who saw the shackles was questioned and instructed not to tell anyone else.)
 
 
 4
 Poole's argument that his trial attorney labored under a conflict of interest, having represented one of the witnesses, has been withdrawn. His appellate lawyer now concedes that his trial lawyer did not represent the witness in question. There was no conflict.
 
 
 5
 Poole signed a stipulation admitting that he had a felony conviction and that the weapons had traveled in interstate commerce. Appellate counsel contends that the stipulation amounted to a guilty plea and should have been made after the fashion of guilty pleas. The premise is doubtful, considering the nature of the two elements covered. Moreover, Poole made this stipulation personally, in open court. The district judge questioned Poole, who reiterated that the stipulation was his decision, that he knew that he could force the prosecution to prove these elements, and that he stood by it. No more is necessary.
 
 
 6
 The district court sentenced Poole as an armed career criminal. On appeal he contends that this is plain error (he did not object in the district court), but the argument confuses U.S.S.G. § 4B1.1 with U.S.S.G. § 4B1.4. The district court did not impose career offender status under § 4B1.1, as Poole's appellate lawyer supposes, but instead acted properly under § 4B1.4 in light of Poole's three prior offenses: two for arson, and one for burglary. See also 18 U.S.C. § 924(e). Poole's conviction and sentence are free from error.
 
 
 7
 AFFIRMED.